UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                           Plaintiff,                         **REPORT AND**
                                                                   **RECOMMENDATION**

v.

                                                                 14-CV-00936-WMS-JJM

$34,770.00 UNITED STATES CURRENCY,

                           Defendant.
_____

        This civil forfeiture action has been referred to me by Hon. William M. Skretny for supervision of all pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [33].[1] Before me is the government's unopposed motion seeking to compel discovery or, in the alternative, to strike claimant Adel Alkaldi's Answer and Claim and for a judgment of default [31]. For the following reasons, I recommend that the motion be granted in part and denied in part as moot.
.

### BACKGROUND

        The government commenced this action pursuant to 21 U.S.C. §881(a)(6) and 18 U.S.C. §981(a)(1)(C) seeking forfeiture of $34,770.00 in United States currency as proceeds of various unlawful activities. Verified Complaint [1]. In response, Adel Alkaldi [11], Saleh Sailani [7], and Abdulla Mothanna [8] submitted Answers and Verified Claims. Claimant Alkaldi's Verified Claim alleges a possessory interest in $9,000.00 of the seized currency [11], p. 4 of 7, ¶2.

---

[1]    Bracketed references are to the CM/ECF docket entries.

A preliminary pretrial conference was held on May 1, 2015 [15], following which I entered a Case Management Order [16] requiring the completion of fact discovery by November 10, 2015. On July 22, 2015 the government filed its first motion to compel discovery [17], alleging that all of the claimants, including claimant Alkaldi, had failed respond to the government's Interrogatories and First Request for Production for Documents, which were served on May 14, 2015. *See* Kane Affidavit [17], ¶8. The claimants' attorney responded to the motion, detailing his efforts at marshaling the requested discovery and explaining that his efforts were hampered by the fact that "one of the Claimants who left for Yemen prior to the commencement of the war in Yemen, has been unable to return to the United States". Greenman Declaration [22], ¶9.[2] A conference concerning the motion was held on September 24, 2015, and at that time the parties agreed that the government's motion to compel [17] would be granted, and I ordered that the "Claimants shall fully respond to the discovery demands, which are the subject of [the government's] motion by October 22, 2015". September 24, 2015 Text Order [28]. At the Claimants' request, that deadline was extended to November 2, 2015. *See* October 22, 2015 Text Order [30]. Claimants Sailani and Mothanna timely served their discovery responses. Kane Affidavit [31], ¶15. However, to date, no discovery responses have been furnished by claimant Alkaldi (id., ¶¶15, 18).

Accordingly, the government filed its motion on January 20, 2016 to compel claimant Alkaldi's discovery responses, to preclude him from introducing at trial any evidence which should have been provided in his responses to the government's discovery requests, or to strike his Verified Claim and Answer and to enter a judgment of default against the $9,000.00 to which he has claimed an interest. Kane Affidavit [31], p. 7 of 8, "Wherefore" clause. I set a briefing schedule requiring claimant Alkaldi to respond to the motion by January 29, 2016.

---

[2] The response does not identify which claimant that was.

January 20, 2016 Text Order [32]. He has not done so, nor has he requested an extension of that deadline.

## ANALYSIS

Although the motion seeks to compel discovery and requests sanctions only in the alternative, I see no purpose to be served in again ordering claimant Alkaldi to do that which he has already been ordered – and failed – to do. Where a party fails to obey an order to provide discovery, the court may impose sanctions, including "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party". Fed. R. Civ. P. ("Rule") 37(b)(2)(A)(iii), (vi). *See also* Rule 16(f)(1)(C) (the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order"). "Rule 37 sanctions are available in civil forfeiture actions." United States v. $9,781.41 formerly on deposit at Man Financial Inc., 2009 WL 1684695, *3 (S.D.N.Y. 2009).

In determining whether sanctions under Rule 37 are warranted, several factors must be considered, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance". Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009). Although the government's motion is unopposed, I will address each of these factors.

A. **Willfulness and Duration of the Noncompliance**

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Davidson v. Dean, 204 F.R.D. 251,

255 (S.D.N.Y. 2001). Although claimant Alkaldi's attorney consented to the granting of the government's first motion to compel and later requested an extension of his deadline to respond to the government's discovery requests, he has failed to provide his discovery responses or to respond to the government's January 20, 2016 motion. No excuse is offered for his non-compliance. Under these circumstances, I conclude that his non-compliance for over the past three months has been both willful and persistent.

**B.    Efficacy of Lesser Sanctions**

Although striking claimant Alkaldi's Answer and Verified Claim is obviously a severe sanction, his persistent willful non-compliance convinces me that a lesser sanction would not be adequate.

**C.    Whether Claimant Alkaldi has Been Warned of the Consequences of His Noncompliance**

"Generally speaking, courts have never considered warning an absolute condition precedent to the imposition of sanctions, because parties have no absolute entitlement to be warned that they disobey court orders at their peril." Interscope Records v. Barbosa, 2007 WL 14332, *2 (E.D.N.Y. 2007). In any event, the government's motion seeking sanctions placed him on notice of the possible consequences of his non-compliance.

**CONCLUSION**

For these reasons, I recommend that the government's unopposed motion [31] be granted to the extent it seeks to strike claimant Alkaldi's Verified Claim and Answer and to enter a judgment of default against the $9,000.00 to which he claims a possessory interest, but otherwise be denied as moot.

- 5 -

Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by February __, 2016 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  February 9, 2016

            <u>/s/ Jeremiah J. McCarthy</u>
            JEREMIAH J. MCCARTHY
            United States Magistrate Judge